UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton
Argued by videoconference

TONI SUE STACEY

MEMORANDUM OPINION* BY
v.      Record No. 0607-21-2          JUDGE JUNIUS P. FULTON, III
APRIL 19, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Elliott M. Harding (Harding Counsel, PLLC, on briefs), for
appellant.

Timothy J. Huffstutter, Assistant Attorney General (Jason A.
Miyares, Attorney General, on brief), for appellee.


This case presents the third appeal arising from Toni Sue Stacey's August 6, 2015

conviction in the Circuit Court of Albemarle County for owning a dangerous dog ("Niko") that

killed another person's companion animal in violation of Code § 3.2-6540. The trial court

sentenced appellant to ninety days in jail, all suspended; Niko's euthanization was a specific

condition of the suspended sentence. The present appeal is from the trial court's May 21, 2021

order on remand for Niko to be "disposed of by Albemarle County pursuant to Code § 3.2-6562."

Appellant contends that the trial court lacked jurisdiction to revoke appellant's suspended

sentence or enforce conditions of the suspension because the maximum sentence she could have

received for her crime has passed. We do not agree with Stacey and believe that the trial court

had authority to order the disposal of Niko and that Stacey previously assented to such disposal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Stacey's sentence for her August 6, 2015 conviction was ninety days in jail with ninety days suspended. In addition to the general requirement that she be of good behavior, Stacey's criminal sentence was suspended explicitly on the special condition that her dog, Niko, be euthanized. This Court denied Stacey's original petition for appeal of her conviction, which challenged only the sufficiency of the evidence. *See Stacey v. Commonwealth*, No. 1126-15-2 (Va. Ct. App. Mar. 25, 2016). In that first appeal, this Court determined that the record "did not reflect that Stacey had objected to the sufficiency of the evidence in the circuit court," as required by Rule 5A:18. *Stacey v. Commonwealth*, 73 Va. App. 85, 92 (2021). After the Supreme Court of Virginia refused Stacey's petition for appeal, the trial court issued an order on December 8, 2016, for Niko to be euthanized because Stacey had exhausted her right to appeal. However, by order of December 16, 2016, the trial court stayed Niko's euthanization pending the outcome of a related civil suit filed by Stacey's partner and Niko's co-owner, Audrey Wells.

At the conclusion of Wells's civil suit, Stacey filed a motion to lift the stay of the euthanization order and asked the trial court to order Niko's "disposal" pursuant to Code § 3.2-6562.[1] On May 17, 2019, the trial court granted Stacey's motion and ordered that Niko "be

---

[1] Code § 3.2-6562 provides in pertinent part:

> It shall be the duty of the animal control officer or any other officer to capture and confine any companion animal of unknown ownership found running at large on which the license fee has not been paid. Following the expiration of the holding period prescribed in § 3.2-6546, the animal control officer or other officer may deliver such companion animal to any person in his jurisdiction who will pay the required license fee on such companion animal. Prior to disposition by euthanasia or otherwise, all the provisions of § 3.2-6546 shall have been complied with. For all companion animals not otherwise disposed of as provided for in this chapter, it shall be the duty of the animal control officer or any other officer to euthanize such companion animals.

disposed of," rather than euthanized. Upon the Commonwealth's request to clarify the terms of its order, the trial court, *sua sponte*, entered an order on May 24, 2019, reinstating its December 8, 2016 order directing that Niko be "euthanized." Appellant moved to vacate the May 24, 2019 order, arguing that the trial court did not have the authority to order Niko's euthanization. *Stacey*, 73 Va. App. at 91. The trial court denied appellant's motion and ordered Niko to be disposed of by euthanization. *Id.*

On appeal of the May 24, 2019 order and the denial of Stacey's motion to vacate, Stacey argued that "while a circuit court may order a dangerous dog's disposal," Code § 3.2-6562 "grants the local animal control officer discretion regarding which disposal method to use— euthanasia being only one of the available options." *Stacey*, 73 Va. App. at 91. In this second appeal, Stacey contended that, as a result, the trial court "did not have authority to direct Niko's euthanization." *Id.* This Court found that Stacey had waived any alleged errors by the trial court in conditioning her suspended sentence on Niko's euthanization because she "neither objected to the reasonableness of this condition of probation in the circuit court nor did she assign error to the conditions of her suspended sentence on direct appeal to this Court." *Id.* at 92. In addition, this Court found that appellant's "current appeal [wa]s an impermissible collateral attack" on her 2015 conviction, a matter over which the trial court clearly had subject matter jurisdiction. *Id.* at 93-94. Furthermore, we concluded that appellant had "waived our consideration of the merits of her appeal by application of the law of the case doctrine." *Id.* at 94.

Upon remand from this Court to clarify which provision of Code § 3.2-6540 supported Stacey's conviction, the trial court entered a consent order specifying that she was convicted of a Class 2 misdemeanor under Code § 3.2-6540(J)(1) as it was in effect at the time of her offense. Pursuant to Code § 18.2-11(b), the maximum jail sentence for a Class 2 misdemeanor is six months.

On May 21, 2021, the trial court entered an order for Niko to be "disposed of" by Albemarle County pursuant to Code § 3.2-6562.[2] Stacey moved the trial court to vacate the May 21, 2021 order, arguing that the trial court no longer had jurisdiction to revoke her suspended sentence because the maximum sentence she could have faced had long since passed and, thus, the court lacked authority to order "disposal" of Niko as a condition of the suspended sentence. The trial court denied appellant's motion to vacate and refused to stay further orders in the matter. This appeal followed.

ANALYSIS

Appellant contends that the trial court erred "by entering a *sua sponte* order on May 21, 2021, directing Albemarle County to euthanize" Niko and "by denying her Motion to Vacate such order, because the court no longer had jurisdiction to enforce this condition or revoke [her] suspended sentence originally imposed on August 6, 2015."[3] She argues that, because the trial court did not prescribe a definite period of suspension of her sentence in 2015, the trial court could revoke her suspended sentence, or impose the conditions thereof, only "within the maximum period for which [she] might originally have been sentenced to be imprisoned." Code § 19.2-306(A). According to appellant, the time within which the trial court had the authority to revoke her suspended sentence was limited to six months after her August 6, 2015 conviction for violating then Code § 3.2-6540(J)(1).

---

[2] The trial court's May 21, 2021 order that Niko be disposed of pursuant to Code § 3.2-6562 was identical in all respects to its May 17, 2019 order granting appellant's motion that Niko be disposed of pursuant to Code § 3.2-6562. The written statement of facts in the present appeal clarifies that although the May 21, 2021 order, like the May 17, 2019 order, states that appellant moved to lift the stay and enter an order for Niko's disposal, in fact appellant "did not move for the circuit court to issue this order."

[3] We note that appellant's assignment of error mischaracterizes the May 21, 2021 order as directing Niko's euthanasia rather than his "disposal."

- 4 -

Stacey's arguments are yet another attempt to bite at the same apple that has been litigated over and over again. On multiple occasions after her sentence, the trial court entered orders concerning the disposal/euthanization of Niko pursuant to Code § 3.2-6562. Each time the trial court entered an order, Stacey appealed.[4] The effect of Stacey's latest appeal is to challenge the trial court's ability to order what it has ordered multiple times before, the disposal/euthanization of Niko.[5]

We note that in general trial courts have the authority to order the euthanization of a vicious dog pursuant to Code § 3.2-6540.1. But here, the trial court's May 21, 2021 order instructed "disposal" rather than euthanization of Niko. This request for "disposal" rather than euthanization of Niko was made by Stacey in a May 2019 motion to the trial court where she relied upon Code § 3.2-6562. And, the trial court's May 21, 2021 order has the effect of granting Stacey the very relief she requested—"disposal" rather than euthanasia of Niko.[6] The trial court acted within its authority pursuant to statute and Stacey received the relief she had requested at the trial court level. We find that Stacey is bound by her prior position of assent to the trial court's ordered disposal of Niko and find that the present appeal is without merit.

---

[4] As discussed in *Stacey*, 73 Va. App. at 94, any unpreserved and unappealed errors have now become the law of the case and are binding on the parties in this subsequent appeal.

[5] Like her last appeal, Stacey's current appeal is bound by the law of the case. *See Stacey*, 73 Va. App. at 92-94. Stacey never timely objected to the condition of her sentence or the trial court's authority to impose it. *Id.* Stacey must now live with the condition.

[6] Stacey argued in *Stacey*, 73 Va. App. at 91, that the trial court was within its authority to enter the disposal order. She takes the opposite position in the present appeal claiming now that the trial court had no authority to enforce the condition associated with her suspended sentence. "A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009) (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)). Additionally, we note that appellant has pursued inconsistent positions in the course of her appeals, and her present claim is defaulted for this additional reason.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*